# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE<br>6218 Georgia Avenue, NW<br>Suite 1-1235<br>Washington, D.C. 20011,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY<br>245 Murray Lane, SW<br>Washington, D.C. 20528, and<br><br>U.S. CUSTOMS and BORDER PROTECTION<br>1300 Pennsylvania Avenue, NW<br>Washington, D.C. 20229<br><br>Defendants. | Civil Case No. 1:22-cv-2737 |

## COMPLAINT

1. Plaintiff, Functional Government Initiative ("FGI"), brings this action against the U.S. Department of Homeland Security ("DHS") and the U.S. Customs and Border Protection ("CBP") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, requesting declaratory and injunctive relief to compel Defendants' compliance with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this FOIA matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

1

3. Venue in this Court is appropriate as provided for by 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES TO THE ACTION

4. Plaintiff, FGI, is an unincorporated association of individuals dedicated to improving the American public's access to information about the officials, decisions, actions, and priorities of their government.  See D.C. Code § 29-1102(5).

5. FGI accomplishes its mission though investigative research, analysis, and dissemination of the information it obtains.  The records FGI obtains under FOIA are vital to accomplishing its mission.

6. Defendant, DHS, is an executive department and therefore an "agency" within the meaning of and subject to FOIA as provided for by §§ 5 U.S.C. § 551(1) and § 552(f)(1).

7. Defendant, CBP, is a component agency of DHS and an "agency" within the meaning of and subject to FOIA.

## STATEMENT OF FACTS PERTINENT TO DEFENDANT DHS

8. On October 24, 2018, President Trump signed into law the "Substance Use-Disorder Prevention That Promotes Opioid Recovery And Treatment For Patients And Communities Act,"  Title VIII, Subtitle A, of which is titled "Synthetics Trafficking and Overdose Prevention," also known as the "STOP Act."  See SUPPORT for Patients and Communities Act, Public Law 115-271.

9. The Senators who introduced the STOP Act explained that it

> is designed to stop dangerous synthetic drugs like fentanyl and carfentanil from being shipped through our borders.  Specifically, the bill would require shipments from foreign countries through our postal system to provide electronic advance data—such as who and where it is coming from, who it's going to, where it is going, and what's in it—before they

cross our borders and enter the United States. Having this information in advance will enable CBP to better target potential illegal packages and keep these dangerous drugs from ending up in the hands of drug traffickers who want to harm our local communities.

[Portman, Klobuchar, Rubio, Hassan Introduce Legislation to Address Overdose Spike From Synthetic Opioids | Senator Rob Portman (senate.gov)](#)

10. On February 8, 2022, FGI submitted a FOIA request to DHS that provides in part:

    FGI requests from DHS all records held by the DHS employees identified below from January 1, 2021, to the date the DHS conducts the search with the following criteria:

    1. All records, including but not limited to meeting memos, briefing documents, emails with attachments, calendar items, text messages, phone call notes, meeting notes, or any other record (as defined below), in the possession of any DHS employees defined below relating to the implementation of the Synthetics Trafficking and Overdose Prevention (STOP) Act of 2018. This should include any drafts of proposed regulations, Federal Register notices, and other similar documents and any discussion of implementation of the STOP Act among DHS staff.
    2. All records of any communications with employees of the U.S. Postal Service (USPS) regarding the implementation of the STOP Act.
    3. All records of any communications with persons who work for or represent non-governmental entities (lobbyists, corporations, etc.) regarding the implementation of the STOP Act.
    4. All records of any communication with staff for any member or committee of the U.S. House of Representatives or the U.S. Senate regarding the implementation of the STOP Act.

    A copy of FGI's FOIA request to DHS is attached as Exhibit 1.

11. In an effort to help focus DHS's search, FGI specified employees within DHS whose records should be searched for responsive documents. *Id*. at 2.

12. In a further effort to aid DHS's search, FGI proposed a number of terms that could be used as part of a search of electronic records for responsive documents. *Id*. at 2.

13. The release of information requested by FGI from DHS is in the public interest because it will provide American citizens with insight into their government's efforts to implement legislation designed to protect Americans from dangerous synthetic opioids that have been

flooding into the country, resulting in overdose deaths of tens of thousands of Americans each year.

14. American citizens also have a right to know what considerations DHS relied upon in reaching decisions about how to implement the STOP Act and to confirm that those decisions are based on facts and data – not political or other improper motivations.

15. FGI reasonably anticipates that the officials and staff identified in its FOIA request discussed and participated in making important decisions about implementation of the STOP Act. The public does not currently have an ability to easily evaluate those decisions.

16. On February 8, 2022, DHS sent an email to FGI acknowledging receipt of the FOIA request and assigning it request #2022-HQFQ-00576

17. On February 28, 2022, DHS sent a letter to FGI explaining that, although its goal was to respond to FOIA requests within 20 days, it was invoking a 10-day extension to respond to FGI's request.

18. Having heard nothing further from DHS, on May 9, 2022, FGI sent an email to DHS's FOIA office requesting an update on the status of DHS's response to FGI's FOIA request.

19. DHS did not respond to FGI's May 9, 2022, inquiry.

20. On July 27, 2022, FGI submitted another email asking for an update on the status of DHS's response to FGI's FOIA response.

21. DHS did not respond to FGI's July 27, 2022, inquiry.

22. As of the date of the filing of this Complaint, DHS has not provided FGI with any other information about the status of its response to FGI's FOIA.

23. As of the filing of this Complaint, DHS has not produced any responsive documents, communicated to FGI the scope of the documents it intends to produce and withhold along

with the reasons for any withholding, provided FGI with a date by which it will comply with FGI's request, or informed FGI of any adverse determination pursuant to which FGI could file an administrative appeal.

24. As of the filing of this Complaint, FGI's FOIA request has been pending for considerably longer than the statutory period within which DHS is required to complete its search.

25. Because DHS has failed to provide FGI with a determination within the applicable statutory time limits, FGI is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552 (a)(6)(C)(i).

26. Absent the filing of this lawsuit, FGI will not obtain the records to which it is entitled under FOIA.

27. Accordingly, FGI may now pursue relief in this Court to compel release of responsive, non-exempt records improperly withheld by DHS. *See* 5 U.S.C. § 552 (a)(4)(B).

## STATEMENT OF FACTS PERTINENT TO DEFENDANT CBP

28. On February 8, 2022, FGI submitted a FOIA request to CPB that provides in part as follows:

FGI requests from Customs and Border Protection (CBP) all records held by CBP employees identified below from January 1, 2021, to the date the CBP conducts the search with the following criteria:

1. All records, including but not limited to meeting memos, briefing documents, emails with attachments, calendar items, text messages, phone call notes, meeting notes, or any other record (as defined below), in the possession of any CBP employees defined below relating to the implementation of the Synthetics Trafficking and Overdose Prevention (STOP) Act of 2018. This should include any drafts of proposed regulations, Federal Register notices, and other similar documents and any discussion of the implementation of the STOP Act among CBP employees identified below and staff at the DHS departmental offices.
2. All records of any communications with employees of the U.S. Postal Service (USPS) regarding the implementation of the STOP Act.
3. All records of any communications with persons who work for or represent non-governmental entities (lobbyists, corporations, etc.) regarding the implementation of the STOP Act.

4. All records of any communication with staff for any member or committee of the U.S. House of Representatives or the U.S. Senate regarding the implementation of the STOP Act.

A copy of FGI's FOIA request to CBP is attached as Exhibit 2.

29. In an effort to help focus CBP's search, FGI only sought responsive records from specified employees within CPB. *Id*. at 2.

30. In a further effort to aid CPB's search, FGI proposed a number of terms that could be used in searching electronic records for responsive documents. *Id*. at 2.

31. The release of information requested by FGI from CBP is in the public interest because it will provide American citizens with insight into their government's efforts to implement legislation designed to protect Americans from dangerous synthetic opioids that have been flooding into the country, resulting in overdose deaths of tens of thousands of Americans each year.

32. American citizens also have a right to know what considerations CPB relied upon in reaching decisions about how to implement the STOP Act and to confirm that those decisions are based on facts and data – not political or other improper motivations.

33. In a letter dated February 9, 2022, CBP responded to FGI's February 8, 2022, FOIA request and sought clarification as to some aspects of the request. However, FGI did not receive the letter until it was emailed on March 7, 2022, in response to an inquiry by FGI about the status of its request.

34. On February 24, 2022, FGI spoke with a CBP staff person by telephone who said that there would be no responsive records for this request, something that is almost certainly impossible given that the subject of this FOIA request involves the implementation of specific imposed on the agency by Congress.

35. Several other attempts to reach FOIA staff at CBP, both via email and telephone, went unanswered.

36. On March 7, 2022, FGI finally heard back from an individual in CPB's FOIA Office of Public Liaison who provided FGI with the letter dated February 9, 2022, which, as noted above, sought several clarifications about the scope of FGI's request.

37. On March 10, 2022, FGI emailed the Office of Public Liaison the requested clarifications.

38. In an email dated March 21, 2022, the Office of Public Liaison said that it was working with others at CBP to identify the appropriate repositories of information to search for responsive information.

39. Having heard nothing further from CPB, on April 30, 2022, FGI asked for an update on the status of its request.

40. FGI did not receive a response to its inquiry.

41. On May 26, 2022, FGI again requested an update on the status of its request.

42. Nearly a month later, on June 23, 2022, FGI received an email from CBP bizarrely acknowledging receipt of its February 8, 2022, FOIA request, again.  The letter also said that CBP was invoking a 10-day extension to the 20-day response time mandated under FOIA, even though FGI's request had been pending for months.

43. On July 27, 2022, FGI requested an update from CBP on the status of its request.

44. FGI did not receive a response to its inquiry.

45. On August 11, 2022, FGI requested an update from CBP on the status of its request.

46. FGI did not receive a response to its inquiry.

47. On August 15, 2022, received yet another email assigning a new tracking number to its FOIA request.  This was the fourth time CPB had assigned a tracking number to FGI's request.

48. Although not laid out in full above, CBP's responses also included FOIA office templates that had not been filled in to address the facts of FGI's request, a message suggesting that FGI create an "FOIAonline" account, even though FGI already had a FOIAonline account that it had used to file its request and to communicate with CPB about it, and information that appears to be related to a different FOIA request.

49. As of the date of the filing of this Complaint, CPB has not provided any other information about the status of its records search in response to FGI's FOIA.

50. As of the filing of this Complaint, CPB has not produced any responsive documents, communicated to FGI the scope of the documents it intends to produce and withhold along with the reasons for any withholding, provided FGI with a date by which it will comply with FGI's request, or informed FGI of any adverse determination pursuant to which FGI could file an administrative appeal.

51. As of the filing of this Complaint, FGI's FOIA request has been pending for considerably longer than the statutory period within which CPB is required to complete its search.

52. Because CPB has failed to provide FGI with a determination within the applicable statutory time limits, FGI is deemed to have exhausted its administrative remedies.  5 U.S.C. § 552 (a)(6)(C)(i).

53. Absent the filing of this lawsuit, FGI will not obtain the records to which it is entitled under FOIA.

54. Accordingly, FGI may now pursue relief in this Court to compel release of responsive, non-exempt records improperly withheld by CPB. *See* 5 U.S.C. § 552 (a)(4)(B).

## COUNT I
## Wrongful Withholding of Non-Exempt Responsive Records By Defendant DHS In Violation of FOIA, 5 U.S.C. § 552

55. FGI restates and incorporates by reference all the preceding paragraphs.

56. FGI properly requested records within the possession, custody, and control of DHS.

57. Because DHS is an "agency" subject to FOIA, it must release all non-exempt, responsive records and provide legitimate reasons for withholding any records.

58. By failing to produce all responsive, non-exempt records, DHS is wrongfully withholding agency records subject to release under FOIA.

59. Additionally, by failing to segregate exempt information in otherwise non-exempt records responsive to FGI's FOIA request, DHS is wrongfully withholding agency records subject to release under FOIA.

60. Because DHS has failed to provide a determination within the applicable statutory time limits in response to FGI's FOIA request, FGI is deemed to have exhausted its administrative remedies.  5 U.S.C. § 552 (a)(6)(C)(i).

61. Accordingly, FGI is entitled to declaratory and injunctive relief requiring DHS to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records under a claim of exemption.

## COUNT II
## Wrongful Withholding of Non-Exempt Responsive Records By Defendant FHWA In Violation of FOIA, 5 U.S.C. § 552

62. FGI restates and incorporates by reference all the preceding paragraphs.

63. FGI properly requested records within the possession, custody, and control of CPB.

64. Because CPB is an "agency" subject to FOIA, it must release all non-exempt records and provide legitimate reasons for withholding any records.

65. By failing to produce all responsive, non-exempt records, CPB is wrongfully withholding agency records subject to release under FOIA.

66. Additionally, by failing to segregate exempt information in otherwise non-exempt records responsive to FGI's FOIA request, CPB is wrongfully withholding agency records subject to release under FOIA.

67. Because CPB has failed to provide a determination within the applicable statutory time limits in response to FGI's FOIA request, FGI is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552 (a)(6)(C)(i).

68. Absent the filing of this lawsuit, FGI will not obtain the records to which it is entitled under FOIA.

69. Accordingly, FGI is entitled to declaratory and injunctive relief requiring CPB to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records under a claim of exemption.

## REQUESTED RELIEF

FGI respectfully requests this Court:

> (1) Take and maintain jurisdiction over this case until DHS and CPB comply with the requirements of FOIA and the orders of this Court.
>
> (2) Order DHS and CPB to produce all non-exempt records responsive to FGI's FOIA requests, and indexes justifying the withholding all or part of any responsive records under claim of exemption.
>
> (3) Order DHS and CPB to produce all non-exempt records within ten days or such other

time as the Court deems appropriate.

(4) Enjoin DHS and CPB from continuing to withhold all non-exempt responsive records.

(5) Award the reasonable attorney's fees and other litigation costs reasonably incurred in this action, as provided for by 5 U.S.C. § 552(a)(4)(E).

(6) Grant FGI such other relief as this Court deems to be necessary and proper.

Dated: September 9, 2022         Respectfully submitted,

FUNCTIONAL GOVERNMENT INITIATIVE
By Counsel

/s/ Richard W. Goeken
D.D.C. Bar # 441217
LUMEN LAW FIRM
1802 Vernon Street, Suite 2040
Washington, D.C. 20009
 (202) 931-6020

Counsel for the Plaintiff